UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTIRCT OF TEXAS

| | |
|---|---|
| H.S. TREASURE CONTACTS LTD<br>AGIOS ILARIONOS 3B<br>PYLA 7081, LARNACA, CYPRUS<br><br>           Plaintiff,<br>  v.<br><br>VIBER MEDIA S.a r.l<br>a/k/a RAKUTEN VIBER<br>2, RUE DE FOSSE<br>LUXEMBOURG, 1536<br>LUXEMBOURG<br><br>           Defendant | CIVIL ACTION NO. :<br><br><br><br>4:25-cv-1156 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Treasure Contacts, by its undersigned counsel, alleges as follows for its Complaint against Defendant Viber Media S.a r.l, (a Luxembourg Company number B184956)

**I.    THE NATURE OF THIS ACTION**

1. Treasure brings this action against Viber pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 8,655,341 ("the '341 patent") titled "Methods for Mobile Phone Applications."  Defendant has been made aware of the '341 patent, at least through the filing of this lawsuit.

**II.   THE PARTIES**

2. Plaintiff Treasure Contacts is a Cyprus company with an address at: Agios Ilarionos 3B, Pyla 7081. Larnaca, Cyprus and is the exclusive owners of all right, title and interest in the assertion, sub-licensing and enforcement of the '341 patent, by license, authorization and agreement from Hiam Boukai and Sergey Ost, the named inventors of the '341 patent.

3. Defendant VIBER Media S.a r.l, a/k/a Rakuten Viber, is a Luxembourg company

with headquarters at 2, rue du Fossé, Luxembourg, 1536.  Viber uses, develops, offers to sell, and sells the accused products, Viber, throughout the United States.

4.      Defendant, and customers of Defendant, use the accused products to practice the claimed system and methods of the '341 patent.

### III.    JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

6.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

7.      This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*.  Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Eastern District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Eastern District of Texas.  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

8.      Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable.  This Court is a proper venue for a case against Defendant, a foreign corporation, in any judicial district in any state to which it is subject to personal jurisdiction.  *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706, 92

S. Ct. 1936, 32 L. Ed. 2d 428 (1972); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017) (Declining to expand limitation of venue statutes related to domestic corporations to foreign corporations).

## IV. BACKGROUND AND GENERAL ALLEGATIONS

9. Haim Boukai and Sergey Ost filed a patent application for their invention which provides a system and method for distribution of mobile applications on mobile devices. Their inventive system was granted the '341 patent.

10. Defendant Viber provides distribution of the Viber application on and between mobile devices using a system and method that infringes the '341 patent.

11. The Viber application infringes at least claims 1-18 of the '341 Patent.

12. On February 18th, 2014, United States Patent No. 8,655,341, entitled "Methods for Mobile Phone Applications" was duly and legally issued by the United States Patent and Trademark Office. The '341 Patent claims patent-eligible subject matter and is valid and enforceable. Haim Boukai is the exclusive owner by assignment of all rights, title, and interest in the '341 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '341 Patent. Defendant is not licensed to the '341 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '341 patent whatsoever. A true and correct copy of the '341 Patent is attached hereto as **Exhibit A**.

13. The '341 Patent is referred to herein as the "Patent-in-suit." The Patent-in-suit is presumed valid under 35 U.S.C. § 282. Patent owner has at all times complied with 35 USC § 287.

## V. THE PATENT

14. The '341 Patent includes both Method and System Claims. The method claims of the '341 patent are directed to "A method for viral distribution of applications on networked mobile devices." The system claims are directed to "A system for viral distribution of applications on networked mobile devices."

15. Claim 1 of the '341 Patent recites:

A method for viral distribution of applications on net worked mobile devices comprising steps of:

a. installing software on said networked mobile devices,

b. reading, by means of said software, some portion of a contact list stored on said networked mobile devices;

c. transmitting said portion of said contact list to a server;

d. Sending invitation to install said software to unregistered users from said portion of said contact list;

e. installing said software on some portion of those net worked mobile devices listed on said contact list upon accepting of said invitation to install said Software;

f. repeating steps b-e for each contact on each of said networked mobile devices, whereby viral distribution of software across a multitude of networked mobile devices is achieved; and

g. providing a server, adapted to provide said Software running on said networked mobile device working in coordination with said server by means of an applications database, a client's database and an application distribution unit, said client's database being subdivided into registered clients Sub database and unregistered clients Sub database, said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients Sub database to invite some part of said unregistered users to install said software.

16. Claim ten of the '341 patent recites:

A system for viral distribution of applications on networked mobile devices, comprising:

a. application running on said networked mobile devices,

b. a database storing a contact list of said networked mobile devices;

c. means for sending invitation to install said application on some portion of those networked mobile devices listed on said contact list;

d. installing said application upon accepting of said invitation to install said application;

e. means to repeat steps b-d for each contact on each of said networked mobile devices,

f. a server, adapted to provide said application running on said networked mobile device working in coordination with said server by means of an applications database, a client's database and an application distribution unit residing on said server, said client's database being subdivided into registered clients sub database and unregistered clients sub database, said applications database including all applications required to be installed in client's mobile networked devices, said

application distribution unit being adapted to contact unregistered users in said unregistered clients sub database to invite some portion of said unregistered users to install application; and

g. whereby viral distribution of applications across a multitude of networked devices is achieved.

## VI. INFRINGEMENT

17. Defendant makes, distributes and provides the Viber application which has the Invite Friends feature to invite non-Viber users to download and install Viber, thus accomplishing the viral distribution of the application on mobile devices. The Viber app includes components and functionality that infringes claims of the '341 Patent. The Viber service infringes claims of the '341 patent. The Viber application, and specifically the invite friends feature, infringes claims of the '341 patent.

18. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '341 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

19. Defendant also indirectly infringes the '341 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant, at least as early as the service of this Complaint, has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '341 patent by providing software through which its customers practice the claimed methods and by providing infringing systems used by its customers, including Viber subscribers throughout the United States. Defendant continues to induce infringement of the '341 patent.

20. Defendant has contributorily infringed and continue to be contributory infringers under 35 U.S.C. §271(c) because, at least as early as the service of this Complaint, with knowledge of the '341 patent, they supply a material part of an infringing method and/or system, (the invite friends feature) where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement

because, with knowledge of the '341 patent, Defendant supplies the technology that allows its customers to infringe the patent, including the method claims.

21. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe, contribute to and when used according to Defendant's instructions for operation, indirectly induce infringement of the claims of the '341 Patent.

22. Attached as **Exhibit B** to the Complaint is a claim chart demonstrating the correspondence of the operation of the accused products with elements of an exemplary claim of the '341 patent.

23. Defendant and its customers have continued infringement.

24. The accused products satisfy the elements of the asserted claims.  Shown below is an example usage of the Viber application's Invite Friends feature which infringes the '341 patent:



**A user installs the Viber app**



**The user gives Viber access to its contact list**



**The inviting user can select a portion of their contact list to invite to Viber.**

7



**The invited user receives the invitation to install Viber and is directed to install the app from the app store.**

25. Defendant has infringed, and continues to infringe, at least claims 1-18 of the '341 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, distributing offering to sell, selling and/or importing into the United States, systems, and methods that infringe the asserted claims and by performing the claimed methods in the United States, (b) by inducing others to use the accused products and/or sell the accused products and to perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United States.

26. By engaging in accused activity including making, using, distributing, offering to

sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '341 Patent.

27. Upon information and belief, Defendant has directly infringed one or more of the claims of the '341 Patent under 35 USC 271(a):

> *"(a) except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells and patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent"*

by engaging in accused activity including making, using, distributing, offering to sell, selling, importing and/or practicing the methods of the accused products in the United States. Defendant continues to infringe claims of the '341 Patent.

28. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '341 Patent under 35 USC §271(b):

> *(b) Whoever actively induces infringement of a patent shall be liable as an infringer.*

by providing accused products, with instructions, which are used and/or combined to create an infringing system and/or used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

29. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '341 Patent under 35 USC §271(c):

> *(c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.*

by providing accused products, and other components and supplies, which are combined, such as with other software and/or as an add-on to systems or programs or otherwise combine to form an infringing system and/or are used in practicing the methods which infringe the claims of the '341 Patent, thus contributing to the infringement of the '341 Patent.

30. Upon information and belief, Defendant has no good faith defense to Plaintiff's

9

infringement allegations and has intentionally continued their knowing infringement.

31. As a result of Defendant's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

### COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,655,341

32. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

33. Defendant Viber has infringed, and continues to directly infringe, at least claims 1- 18 of the '341 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products, Viber, in the United States.

34. Defendant does not have license or authority to the '341 Patent.

35. As a result of Viber's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

### COUNT II – INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,655,341

36. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

37. Upon information and belief, Defendant Viber has indirectly infringed one or more of the claims of the '341 patents under 35 USC §271(b) by providing accused products, Viber, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

38. Defendant does not have license or authority to the '341 Patent.

39. As a result of Viber's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

### COUNT III – CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,655,341

40. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

41. Upon information and belief, Defendant Viber has indirectly infringed one or

more of the claims of the '341 patent under 35 USC §271(c) by providing accused products, Viber, and components and supplies, which are used as components of infringing systems which infringe the claims of the '341 patent, thus contributing to the infringement of the '341 patent.

42. Defendant does not have license or authority to the '341 Patent.

43. As a result of Viber's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## VII. PRAYER FOR RELIEF

A. For a Judgment declaring that Viber has infringed the '341 Patent.

B. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

C. For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '341 Patent of at least a reasonable royalty, in an amount to be determined at trial;

D. For a judgement and order awarding a compulsory ongoing royalty;

E. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C.

G. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

H. For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

I. For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Respectfully submitted,

/s/ Joseph J. Zito
Joseph J. Zito
DNL ZITO
1250 Connecticut Avenue, NW, Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

Benjamin C. Deming
DNL ZITO
3232 McKinney Avenue, #500
Dallas, Texas 75204
214-799-1145
bdeming@dnlzito.com

*Attorneys for Plaintiff*
*H.S. Treasure Contacts, LTD.*